IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVONN ROSS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 17-1308 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SUPERINTENDENT DELBALSO, *et al.*, | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Robert C. Mitchell for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On June 27, 2018, the Magistrate Judge issued a Report (Doc. 18) recommending that Davonn Ross's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (hereinafter "Petition," Doc. 5) be dismissed, and that a certificate of appealability be denied. Petitioner timely filed Objections to the Report (Doc. 23). Petitioner's motion is ripe for this Court's consideration.

The Court has conducted a *de novo* review of the pleadings and documents in this case, including Petitioner's objections, together with the Report and Recommendation. For the reasons that follow, the Court will adopt the Magistrate Judge's Report, in part, and modify the Report, in part, and will dismiss the petition and deny a certificate of appealability.

As the Report fully and accurately described the background in this matter, (see Report 1-4), the Court will assume the reader's familiarity with the Report and will not restate the background here.

1

Petitioner seeks relief on three grounds, which all concern ineffective assistance of counsel: (1) trial counsel provided ineffective assistance by failing to request a child-competency hearing for Commonwealth witness, J.W.; (2) trial counsel provided ineffective assistance by failing to attempt to locate and subpoena a 911 caller who told the police that he saw a group of guys shooting out of a grey car, or alternatively, trial counsel provided ineffective assistance by failing to introduce the 911 call under Pa. R. Evid. 803(1); and (3) these errors cumulatively caused assistance to be ineffective. (See Petition 5-8.)

The Report found each of these grounds to be without merit or defaulted, and Petitioner objects to the Report on the following grounds: (1) the Report incorrectly treated Petitioner's claim as one asserting innocence, when Petitioner is rather arguing that he would have been convicted of a lesser homicide offense had J.W.'s out-of-court statements been excluded at trial; (2) the Report incorrectly treated Petitioner's second ground for relief as procedurally defaulted without addressing the standard provided in Martinez v. Ryan, 566 U.S. 1 (2012); and (3) as a result of these errors, the Report erred by failing to address Petitioner's argument about cumulative prejudice. (See Objections 2-4.)

Concerning Petitioner's first objection, the underlying question is whether admitting J.W.'s recorded identification testimony caused prejudice. The answer is no. The Court must assess whether there is a reasonable probability that the result of the proceeding would have been more favorable to Petitioner had J.W.'s testimony been excluded. See Strickland v. Washington, 466 U.S. 668, 694 (1984). As noted in the Report, the Pennsylvania Superior Court found, on appeal from the Post-Conviction Relief Act ("PCRA") Order of January 7, 2016, that "[t]he primary relevance of J.W.'s testimony was the identification of Ross as the shooter. Even assuming that we would conclude that J.W. was incompetent and his prior recorded statement

should have been stricken, another eyewitness explicitly identified Ross as the shooter." Commonwealth v. Ross, 2017 Pa. Super. Unpub. LEXIS 1713, at *5 (Pa. Super. Ct. May 5, 2017) (attached in Appendix 5 to Answer to Petition 37, Doc. 12-8). The Superior Court concluded that, given the uncontested testimony and evidence presented at trial, "the exclusion of J.W.'s testimony at trial [would have been] highly unlikely to have affected the verdict." Id. at *6. This Court has no reason to upset the Superior Court's well-supported conclusion. Trial counsel's error in failing to request a competency hearing—if indeed this was an error—was not prejudicial; Petitioner has made no showing of ineffective assistance based on this error. Responding directly to Petitioner's objection, the Court has no reason to conclude that the jury in Petitioner's criminal trial would have convicted him of a lesser homicide offense if J.W.'s testimony had been excluded.

Petitioner's second objection concerns whether the Report applied the appropriate standard for procedural default when assessing his second ground for relief.[1] Petitioner is correct that the Report applied the wrong standard to its analysis of this ground, but for a different reason: the Report's analysis conflated procedural default with exhaustion of state remedies. For procedural default to apply, all state appellate courts must refuse to review the defaulted claim on the merits. Nara v. Fink, 488 F.3d 187, 199 (3d Cir. 2007). Here, the Pennsylvania Superior and Supreme Courts had no opportunity to refuse to review the relevant claim on the merits, because the claim was never presented to these courts.[2]

---

[1] That is, counsel's failure to seek or introduce testimony from a 911 caller who told the police that he saw a group of guys shooting out of a grey car.

[2] The detailed procedural history is as follows. Petitioner's initial petition did not raise the ground concerning a 911 caller reporting people shooting from a car. (Doc. 12-6, 6-7.) Petitioner raised the ground concerning the 911 caller in a letter to counsel, and the argument was ultimately addressed by the PCRA court. Specifically, the PCRA court appointed counsel for Petitioner, and instructed Petitioner to provide his attorney with a complete list of the issues

3

The fact that the claim was never presented to a Pennsylvania appellate court shows that Petitioner has not exhausted his state court remedies with respect to this claim. Id. at 197 ("A claim is exhausted if it was 'fairly presented' to the state courts." (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)); see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Respondent agrees that this claim has not been exhausted. (Answer to Petition 25.) Notwithstanding a petitioner's failure to exhaust state remedies, "an application for a writ of habeas corpus may be denied on the merits." 28 U.S.C. § 2254(b)(2).

Proceeding to the merits, Petitioner's second ground for relief fails for the same reason that his first ground fails: Petitioner has failed to show prejudice resulting from the alleged error. In PCRA counsel's amended no-merit letter, counsel stated that:

---

that should be raised in his PCRA petition. (Doc. 12-6, 22-23.) Counsel filed a revised motion to withdraw and no-merit letter, which addressed the list of grounds raised in Petitioner's letter to counsel. (Doc. 12-6, 24-36.) Among these grounds, the no-merit letter addressed the claim that trial counsel was ineffective for failing to interview "the man who called police and said that he saw a group of guys shooting [out] of a big grey car." (Doc. 12-6, 36 (quoting Petitioner's Letter to Counsel, dated October 20, 2015).) On December 4, 2015, the PCRA court addressed this ground (along with several others) and, after finding the grounds in the petition to be without merit, permitted Petitioner's counsel to withdraw and gave Petitioner notice of its intent to dismiss the petition. (Doc. 12-6, 39-41.) Petitioner then abandoned his argument about the 911 caller in his response to the notice, (Doc. 12-6, 42-51), and in all subsequent state proceedings. On January 7, 2016, the Court of Common Pleas denied his PCRA petition. (Doc. 12-7, 1-2.) Petitioner timely appealed this denial to the Superior Court of Pennsylvania, received new appointed counsel, and—following a Grazier hearing that culminated in Petitioner's successful waiver of counsel—proceeded *pro se* with his appeal in the Superior Court. In his appellate brief before the Superior Court, Petitioner raised no claim concerning the unidentified 911 caller who told police that he saw people shooting of a car. The Superior Court affirmed the dismissal of the PRCA petition on May 5, 2017, and Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania; this petition also failed to raise the claim concerning the 911 caller. (Doc. 12-8, 40-48.) The Pennsylvania Supreme Court summarily denied the petition for allowance of appeal on October 24, 2017. (Doc. 12-8, 65.)

4

> There is no indication that this man [the caller] was a legitimate witness to the events of 6/8/06 [that is, the homicide for which Petitioner was convicted], or that he was ever identified or that his identification or contact information was ever possessed by the Commonwealth or Trial Counsel. Moreover, he never came forward to speak with police about what he allegedly saw that day. Hence, since his identity is still unknown, and it is unclear if the information that he allegedly possessed would have been helpful to the defense, Trial Counsel was not ineffective and this claim is without merit.

(Amended No-Merit Letter, November 2, 2015, Doc. 12-6, 36.) The PCRA court agreed with this analysis. (Commonwealth v. Ross, No. CC 200611234, Notice of Intention to Dismiss Pursuant to Pa. Crim. P. 907, December 4, 2015, Doc. 12-6, 40 ("Petitioner claims that counsel was ineffective for not interviewing an individual who called the police about a drive-by shooting. While counsel attempted to locate this witness, there is no evidence that this individual's identity was ever known, that he was a witness to the shooting underlying Petitioner's charges, or that his testimony would have been helpful to Petitioner.").) This Court agrees that Petitioner has failed to show how the 911 caller's testimony would have been helpful to his Defense, and therefore that he has failed to demonstrate prejudice. Further, the Court notes that, even assuming that this evidence would have provided an alternate explanation of the relevant shooting, Petitioner does not contest his identity as the shooter. (Objections 2 ("Ross does not contest that he shot the victim.")) As the Court fails to see how the omission of evidence concerning the 911 caller prejudiced Petitioner, the Court finds that Petitioner's second ground for ineffective assistance fails on the merits.

\* \* \*

Accordingly, it hereby is **ORDERED** that Petitioner Davonn Ross's objections (Doc. 23) are **OVERRULED**; his habeas petition (Doc. 5) is **DISMISSED**; a certificate of appealability is **DENIED**; and the Report and Recommendation (Doc. 18) is **ADOPTED**, in part, and **MODIFIED**, in part, as stated herein.

IT IS SO ORDERED.

December 18, 2018                    s\Cathy Bissoon
                                     Cathy Bissoon
                                     United States District Judge



cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

DAVONN ROSS
HN-8590
SCI Mahanoy
301 Morea Road
Frackville, PA 17932